# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA R. CORREA, | ) |
| Plaintiff, | ) |
| | ) No. 05 C 3791 |
| v. | ) |
| | ) Judge John W. Darrah |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS and AL WHITE, individually, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Maria R. Correa, filed suit against Defendants, alleging sex discrimination, sexual harassment, and racial discrimination. Summary judgment was granted in favor of Defendants, and Defendants have filed a bill of costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court- appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D. Ill. Jan. 25, 2001) (*Craven*); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000) (*Falcon*).

Plaintiff argues that costs should not be awarded because she is indigent. In support of her argument, Plaintiff states that she has applied for disability and is seeking treatment for depression. Plaintiff does not indicate her income or include any affidavit of her financial state. Plaintiff has failed to demonstrate actual indigency and her inability to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

Defendants seek a total of $1,105.23 in costs for photocopying charges. Defendants seek $996.71 in photocopying and bates stamping discovery documents. The invoice does not indicate the number of copies or the charge per photocopy. Defendants' brief states that these charges were incurred for the "nearly 1,300 pages of documents" that Plaintiff tendered to Defendants. Assuming 1,300 copies, the charge per copy is $0.76. Furthermore, if the number of copies is presumed to be less than 1,300, for example 1,000 copies, the charge per copy is $0.99. This photocopying charge is reasonable and is awarded.

2

Defendants seek $108.52 for photocopying charges related to Plaintiff's medical records. Defendants include the invoices from the medical providers for these charges. These charges are recoverable and reasonable and are awarded.

Lastly, as to photocopying charges, Defendants seek charges for three copies of 1,663 pages of court filings at the rate of $0.10 per page. A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Accordingly, Defendants can recover the costs for two copies of the documents, for a total of $332.60.

Based on the above, Defendants are awarded a total of $1,437.83 in photocopying charges.

Defendants seek a total of $3,323.39 in court reporter, deposition, and transcription costs.

The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. Postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4.

The invoice for the deposition transcripts of Plaintiff's second day of her deposition, Albert White, Mohammad Rashid, Anita Christofol, and Jan Bradley does not indicate the rate per page nor can the rate per page be calculated as the invoice does not indicate the number of pages transcribed. Accordingly, the reasonableness of the costs associated with these transcripts cannot be ascertained and, therefore, cannot be awarded.

The invoice for Plaintiff's first day of her deposition does indicate the total number of copies, the transcription rate for each page of $3.01, court reporter attendance fee of $334.76, and a delivery charge of $5.50. The deposition transcription rate and court reporter attendance fees are reasonable and are awarded; the Defendants cannot recover the delivery charge. Defendants are awarded $1,138.43 for this deposition. Similarly, Defendants are awarded a total of $214.96 for Emmanuelle Langos's deposition.

The invoice for Judi Slattery's deposition includes the following recoverable costs: transcription of 71 pages at the rate of $2.60 per page and 14 pages of exhibits at $0.50 per page, for a total of $191.60. The remaining charges: "TotalTranscript," TotalTranscript Archive," "TotalTranscript Exhibits," word index, and process/delivery are not recoverable.[1]

---

[1] The invoice does not indicate to what the "TotalTranscript" charges relate; therefore, their reasonableness cannot be determined.

4

Lastly, Defendants seek $71.04 in witness fee/mileage for the deposition of Emmanuelle Langos. Non-party witnesses and normal travel expenses are taxable pursuant to Section 1920(3) and L.R. 54.1. *See Vardon Golf Co. v. Kartsen Mfg. Corp.*, 2003 WL 1720066 (N.D. Ill. March 31, 2003). Accordingly, these charges are awarded.

For the reasons stated above, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded a total of $3,053.86 in costs and fees.

Dated: January 29, 2008

JOHN W. DARRAH
United States District Court Judge